UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ESTATE OF DUSTIN RIZZO, CARL RIZZO, as personal representative of the Estate of Dustin Rizzo and individually, as the father of Dustin Rizzo; VIOLA JOSEPHINE "JODEE" RIZZO, as the mother of Dustin Rizzo, and BRITNEY ROBERSON, on behalf of and as the parent and natural guardian of T.R., a minor child, J.R., a minor child and O.R., a minor child,<br><br>          Plaintiffs,<br><br>     v.<br><br>KAYLA STEPHENS, in her individual capacity,<br><br>          Defendant. | Case No. 1:25-cv-00384-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Kayla Stephens' Motion to Stay (Dkt. 14). The motion has been fully briefed, and the Court has determined oral argument would not significantly assist the decisional process. For the reasons explained below, the Court will deny the motion to stay.

## BACKGROUND

This case stems from the suicide of Dustin Rizzo after the Idaho Department of Health and Welfare (IDHW) removed his children from his care. At this stage, and solely for purposes of this decision, the facts alleged in the Complaint are presumed true.

In July 2022, IDHW removed T.R. (born 2021) and J.R. (born 2020) from the custody of Rizzo and his fiancée Britney Robertson after the couple had a fight and both threatened to commit suicide.[1] The State took custody of the children and assigned Defendant Kayla Stephens as their caseworker. Although Rizzo's parents, Carl and Jodee Rizzo, sought to take custody, Stephens placed the children with a foster family with whom they had no prior connection and who were allegedly friends with Stephens.

Stephens developed a Case Plan that aimed to reunify Rizzo and Robertson with their children within twelve months. However, Stephens continuously created new obstacles for Rizzo to prevent him from getting his children back. For example, he completed mandatory drug and alcohol counseling by June 2023, as

---

[1] T.R. was Rizzo's biological child, and Rizzo stood *in loco parentis* over J.R. A third child, O.R., was born in 2023 and never removed from Rizzo and Richardson's custody.

confirmed by his counselor, but Stephens insisted that he had failed to fulfil this requirement. A similar incident arose when Rizzo completed a domestic violence program. In June 2023, after Rizzo and Robertson complained to an IDHW supervisor, Stephens revoked their visitation with the children for two weeks.

At this point, the timeframe for reunification was nearly over. Stephens informed Rizzo and Robertson that she knew a family ready to adopt the children. Apparently, she also told Rizzo that he would never get his children back, and that the children would already be reunited with other family members if it wasn't for him. In July 2023, about a year after the children's removal, Rizzo killed himself. Shortly after that, the children were returned to Robertson's custody.

In July 2025, Carl Rizzo, Jodee Rizzo, and Robertson filed the present case against Stephens for violating their Fourteenth Amendment rights. They bring the lawsuit individually, as representatives of Rizzo's estate, and on behalf of Rizzo's children. In this action, they assert claims including interference with the familial relationship, due process violations, and equal protection violations. On the same day, Plaintiffs filed another lawsuit in Canyon County District Court against Stephens, IDHW, and Stephens' supervisors—Roxanne Printz and Marinda Squib—for state law violations including wrongful death, negligence, and negligent supervision. Stephens now moves to stay the instant federal action on the grounds that there is a parallel proceeding in Idaho state court.

## LEGAL STANDARD

Generally, parties are free to pursue parallel actions in federal and state court. *See Colorado River Water Conservation Dist. v. United* States, 424 U.S. 800, 813-14 (1976) ("[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."). Federal courts have "a virtually unflagging obligation" to exercise their jurisdiction, so a stay is appropriate only under exceptional circumstances, when strong countervailing state interests are at stake. *Id.* at 813.

*Colorado River* and its progeny set out the standard for staying federal proceedings due to a similar state action. Parallelism is the threshold requirement. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). After deciding whether the cases are sufficiently parallel, courts in the Ninth Circuit balance factors including:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011). Courts must apply these factors flexibly and pragmatically, and any ambiguity

should weigh against a stay. *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988); *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

## ANALYSIS

Staying the present case is unwarranted. First, the present action is not sufficiently parallel to the state court case. Second, even if the actions were parallel, a stay is still unjustified under the *Colorado River* factors.

The first task is to determine whether the corresponding state-court proceeding is an adequate vehicle to reach a resolution for both parties. *Moses H. Cone*, 460 U.S. at 28. In the Ninth Circuit, exact parallelism is not a requirement for these purposes; it is enough if the proceedings are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (citations omitted). This inquiry examines whether the suit involves the same parties and the same claims. *ScripsAmerica, Inc. v. Ironridge Glob. IV, Ltd.*, 56 F. Supp. 3d 1121, 1147 (C.D. Cal. 2014); *Bauer v. Bonner County, Idaho*, 2:22-CV-00270-DCN, 2022 WL 7515082, at *5 (D. Idaho Oct. 13, 2022) ("When the federal and state suits involve different parties and different claims, *Colorado River* is inapplicable.").

Stephens argues that the state and federal cases are identical because both cases have the same plaintiffs and name Stephens as a defendant, and both stem

MEMORANDUM DECISION AND ORDER - 5

from the same facts. This argument overlooks the fact that state case includes several defendants not party to the present action, namely IDHW and Stephens' supervisors. The cases also differ markedly in terms of substance. The state court complaint primarily alleges negligence, including negligent supervision, whereas the federal complaint brings constitutional claims based on Stephens' deliberate actions. Thus, a ruling on the state law negligence claims would not resolve—or necessarily even bear on—the constitutional claims before this Court. For these reasons, the actions are not parallel, and *Colorado River* is inapplicable.

Even if the cases were parallel, a stay is still unjustified under the *Colorado River* factors. A full analysis is unnecessary here, but the Court will briefly review a few relevant factors. The federal forum is not inconvenient because the Canyon County Courthouse is only about 27 miles from the federal courthouse in Boise. Any inconvenience here is trivial. *See Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1167 (9th Cir. 2017) (remaining neutral on a distance less than 200 miles). The potential for piecemeal litigation is minimal because the state and federal actions present substantively different issues, as explained above. Further, this factor warrants concern only under "exceptional circumstances," for instance when multiple rulings will likely trigger more litigation. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990); *see Colorado River*, 424 U.S at 819-20. No such circumstances exist here. As to whether federal or state law

controls, this case exclusively presents questions of federal law. Although state courts are presumed competent to adjudicate federal constitutional questions, the fact that plaintiffs could have brought all their claims in state court cannot justify this Court waiving jurisdiction. Additionally, the federal and state cases were filed simultaneously—meaning that the state court did not assume jurisdiction first—and there is no indication of forum-shopping by the plaintiffs.

In conclusion, the state and federal actions are nowhere close to similar enough to justify a stay under *Colorado River*. It would be an abuse of discretion for this Court to refuse to exercise its jurisdiction.

## ORDER

**IT IS ORDERED that** Defendant's Motion to Stay (Dkt. 14) is **DENIED**.



DATED: March 2, 2026

B. Lynn Winmill
U.S. District Court Judge